Marie R. MAHONEY, Administratrix D.B.N., C.T.A. of the Estate of Cecilia I. Mahoney and Marie R. Mahoney, Individually, and Kaye Virginia Raffensperger, Individually and as Administratrix D.B.N., C.T.A. of the Estate of Millard F. Squires, and Elizabeth S. Miller, Individually, and as Administratrix D.B.N., C.T.A. of the Estate of Millard F. Squires, and as Guardian of John Squires, Plaintiffs Below, Appellants,

v.

UNITED STATES FIDELITY AND GUARANTY COMPANY, a corporation of the State of Maryland, Defendant Below, Appellee.

Supreme Court of Delaware.

Aug. 5, 1970.

William Poole and James F. Burnett, of Potter, Anderson & Corroon, Wilmington, for Marie R. Mahoney, Administratrix D.B.N., C.T.A. of the Estate of Cecilia I. Mahoney, and Marie R. Mahoney, Individually, appellant.

H. Alfred Tarrant, Jr., of Cooch & Taylor, Wilmington, for Kaye Virginia Raffensperger, Individually and as Administratrix D.B.N., C.T.A. of the Estate of Millard F. Squires, and Elizabeth S. Miller, and as Guardian of John Squires, appellant.

Jack B. Jacobs, of Young, Conaway, Stargatt & Taylor, Wilmington, for United States Fidelity & Guaranty Company, appellee.

CAREY and HERRMANN, JJ., and MARVEL, Vice-Chancellor, sitting.

CAREY, Justice:

This is an appeal by Marie R. Mahoney, Administratrix d. b. n., c. t. a. of the Estate of Cecilia I. Mahoney and Marie R. Mahoney, individually, and Kaye Virginia Raffensperger, individually, and as Administratrix d. b. n., c.t.a. of the Estate of Millard F. Squires, and Elizabeth S. Mil-

ler, individually, and as Administratrix d. b. n., c. t. a. of the Estate of Millard F. Squires, and as Guardian of John Squires, plaintiffs below, from the entry of summary judgment by the Superior Court in favor of United States Fidelity and Guaranty Company, defendant below. That decision resulted from the finding of the trial Court that appellee, surety on an executor's bond required by Title 12, Del.C. § 1527 (a), was not liable for payment to the administratrices d. b. n., c. t. a., where the executor had been removed due to malfeasance. We affirm.

The undisputed facts are as follows: Cecilia I. Mahoney and Millard F. Squires, decedents, appointed Joseph A. L. Errigo as executor of their respective wills. Since the Mahoney will required a "minimum bond" and the Squires will excused the giving of bond entirely, Errigo executed only the special bond required by 12 Del. C. § 1527(a), *infra*, for the protection of creditors, in the amount of $3,000 for each estate, with the appellee as surety. The form of bond actually signed by the surety in this case is that required under § 1527 (a). In May of 1966, Errigo was removed as executor of both estates for neglect of his duties by an order of the Register of Wills, who also directed that all assets and unadministered effects in Errigo's hands, or for which he was accountable, be delivered to his successor for each estate. Errigo has failed to make any accounting.

Marie R. Mahoney was appointed administratrix *de bonis non, cum testamento annexo*, and is also a residuary legatee, in the estate of Cecilia I. Mahoney. Kaye Virginia Raffensperger and Elizabeth S. Miller were appointed administratrices d. b. n., c. t. a., and are also residuary legatees, of the Millard F. Squires estate. The record contains no allegation that there are, in fact, any unpaid creditors.* After appellee denied liability on the bonds, this suit was instituted. The Court below held

in appellee's favor on the ground that the appellants are not creditors and cannot recover on the bond.

12 Del.C. § 1521 requires that an executor or administrator shall, upon being granted letters, give bond in the form prescribed by § 1522 of the same Title. The important section in the present case is 12 Del.C. § 1527(a), which permits a testator, by his will, to excuse his executor from giving the required bond; it provides, however, that in such a situation the executor must give bond in double the amount of indebtedness of the testator, for the protection of creditors. The section states, in part, that " * * * such bond, when taken, shall be for the use of the creditors of the testator, and for the use of no other person interested in his estate."

In other words, the State will allow a testator, if he so desires, to leave his legatees and devisees with no protection from an executor who fails to fulfill his duties properly, but the State refuses to allow the testator the luxury of leaving his creditors with no protection other than the hope that the executor will perform his duty according to law.

Counsel do not suggest that the individual beneficiaries can bring suit on such a bond. They apparently agree that a successor fiduciary has standing to bring such a suit if it be alleged and proven that there are existing debts of the estate, at least to the extent of the indebtedness. We do not pass upon this latter question because of this apparent concession. All agree that a creditor can bring a direct action against the surety. The problem presented is whether an administrator c. t. a. can recover in such an action against the surety without alleging the existence of any indebtedness.

It is quite obvious that, if appellants' contention were to prevail, the very

---

* At oral argument, counsel indicated that they know of no outstanding indebtedness as to one estate, but that there *may* be in the other estate.

purpose of § 1527(a) could be defeated. If there are no unpaid debts, the administrator would be compelled to pay the money to the beneficiaries, thus permitting a recovery from the surety for the benefit of those beneficiaries—the very result which the testator, under the statutory permission, has prohibited. Appellants cannot thus accomplish indirectly what the beneficiaries could not accomplish directly. We agree with the ruling of the Court below. If the administratrices have a right to any recovery, it can be only for the benefit of creditors.

Affirmed.